UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UFCW LOCAL ONE HEALTH CARE FUND<br>and its TRUSTEES:<br>Frank C. DeRiso, I. Stephen Davis,<br>Gregory P. Gorea, Robert Ciancaglini,<br>Raymond Wardynski, Roger Hemmitt,<br>Joseph L. Sahlen and David Pardi<br><br>and<br><br>UFCW LOCAL ONE PENSION FUND<br>and its TRUSTEES:<br>Frank C. DeRiso, Gregory Gorea,<br>Robert Boehlert, Mark Manna,<br>and Michael R. Bull<br><br>Plaintiffs,<br>v.<br><br>JJR II, Inc. d/b/a Great American 0804<br><br>Defendant. | Case No.: 6:18-cv-1200 (GLS/ATB) |

**COMPLAINT**

Plaintiffs, the UFCW Local One Health Care Fund (the "Health Fund") and its Trustees, and the UFCW Local One Pension Fund (the "Pension Fund") and its Trustees (the "Funds"), by and through counsel, hereby complain of Defendant JJR II, Inc. d/b/a Great American 0804 ("JJR II") as follows:

**Introduction**

1.      This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 et seq. (1982), and the Labor Management Relations Act of 1948 ("LMRA"), 29

1

U.S.C. § 185. Plaintiffs seek a judgment against Defendant for delinquent contributions, interest, liquidated damages, and attorneys' fees and costs incurred by the Pension Fund and the Health Fund in collecting these amounts related to Defendants' failure to pay contributions required by collective bargaining agreements. Plaintiffs also seek a judgment against Defendant for withdrawal liability, interest, liquidated damages, and attorneys' fees and cost incurred by the Pension Fund, a multiemployer defined benefit pension plan, in collecting these amounts.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction under Sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

3. Personal jurisdiction exists over Defendants pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), which provides that an action may be filed in the district where the plan is administered, and process may be served on a defendant in any other district where a defendant resides or may be found. Additionally, personal jurisdiction exists over Defendant in that, upon information and belief, Defendant is a domestic corporation organized under the laws of New York.

4. Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Funds are administered at their principal place of business in Oriskany, New York.

## Parties

5. The Health Fund is a joint labor-management benefit fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer welfare benefit plan within the meaning of Sections 3(1) and 3(37) of ERISA, 29 U.S.C. §§ 1002(1) and 1002(37).

2

Its purpose is to provide health and related benefits to the eligible employees of employers that contribute to the Health Fund pursuant to a collective bargaining agreement with the United Food & Commercial Workers District Union Local One (the "Union") or a Participation Agreement with the Health Fund.

6. Plaintiffs, Frank C. DeRiso, I. Stephen Davis, Gregory P. Gorea, Robert Ciancaglini, Raymond Wardynski, Roger Hemmitt, Joseph L. Sahlen, and David Pardi, are Trustees of the Health Fund and are fiduciaries of the Health Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and, as the Board of Trustees, are collectively the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

7. The principal office of the Health Fund is located at 5911 Airport Road, Oriskany, New York, 13424.

8. The Pension Fund is a joint labor-management benefit fund established pursuant to Section 302(c) of the Labor Management Relations Act, 29 U.S.C. § 186(c), and a multiemployer benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37). Its primary purpose is to provide retirement benefits to the eligible employees of employers who contribute to the Pension Fund pursuant to a collective bargaining agreement with the Union or a Participation Agreement with the Pension Fund.

9. Plaintiffs, Frank C. DeRiso, Gregory P. Gorea, Robert Boehlert, Mark Manna, and Michael R. Bull are Trustees of the Pension Fund and are fiduciaries of the Pension Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and, as the Board of Trustees, are collectively the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

10. The principal office of the Pension Fund is located at 5911 Airport Road, Oriskany, New York, 13424.

11. Pursuant to Section 502(a)(3), of ERISA, 29 U.S.C. § 1132(a)(3), the Plaintiff Trustees of the Health Fund are authorized to bring this action on behalf of the Health Fund and their respective participants and beneficiaries for the purpose of collecting unpaid contributions owed the Health Fund.

12. Pursuant to Section 502(a)(3), of ERISA, 29 U.S.C. § 1132(a)(3), the Plaintiff Trustees of the Pension Fund are authorized to bring this action on behalf of the Pension Fund and their respective participants and beneficiaries for the purpose of collecting unpaid contributions and unpaid withdrawal liability owed the Pension Fund.

13. At all times relevant to this Complaint, JJR II has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12), and Section 301 of the LMRA, 29 U.S.C. § 185.

14. Upon information and belief, at all times relevant to this Complaint, JJR II has been a domestic corporation organized under the laws of New York, with its principal office located at 154 Main Street, Afton, New York, 13730.

## BACKGROUND

15. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

16. JJR II was signatory to and bound by a Collective Bargaining Agreement ("CBA") with the Union under which it was required to make contributions to the Funds each month on behalf of its employees who were covered by the CBA.

17. The terms of the CBA obligated JJR II to be bound by the Funds' respective Agreements and Declarations of Trust ("Trust Agreements"), including all amendments thereto.

18. The Trust Agreements bind JJR II to the Funds' Policy for Collection of Delinquent Contributions ("Delinquency Policy"). Under the Delinquency Policy for the Funds: (a) interest shall be charged at the rate of eight percent (8%) per year, calculated from the date the contributions are due until the date paid; (b) liquidated damages shall become due and owing if the Fund commences a lawsuit to recover delinquent contributions and will equal twenty percent (20%) of the amount of the delinquent contributions; (c) attorneys' fees shall be due to the Fund at the hourly rate charged to the Funds for all time spent by counsel in efforts to collect the delinquent contributions; and (d) all costs incurred to determine, discover and collect delinquent contributions shall be due to the Fund.

19. The CBA and the Trust Agreement required JJR II to submit monthly contributions to the Funds on behalf of its eligible employees.

### *Delinquent Contributions to the Health Fund and Pension Fund*

20. Pursuant to the Delinquency Policy, the Funds, through a duly appointed auditor, have the right to audit the financial records of employers such as JJR II to determine whether the employer has made all required contributions to the Funds, pursuant to the CBA and Trust Agreement.

21. Pursuant to the Delinquency Policy, the Health Fund conducted a payroll audit of JJR II covering the period of January 1, 2012 through December 31, 2012. This audit, which was conducted on May 24, 2013, revealed that JJR II owes unpaid contributions to the Health Fund for this period in the amount of $13,075.59.

22. Pursuant to the Delinquency Policy, the Pension Fund conducted a payroll audit of JJR II covering the period of January 1, 2012 through December 31, 2012. This audit, which was conducted on May 24, 2013, revealed that JJR II owes unpaid contributions to the Pension fund for 2012 in the amount of $8,741.20. Pursuant to the Delinquency Policy, the Pension Fund conducted a payroll audit of JJR II covering the period of January 1, 2015 through December 31, 2015. This audit revealed that JJR owes unpaid contributions to the Pension Fund for 2015 in the amount of $515.80.

23. JJR II also failed to increase its total contributions to the Pension Fund in 2015, as required by the CBA, resulting in a delinquency in the amount of $1,159.60.

24. The Funds sent letters to JJR II demanding payment of the delinquent amounts owed, but JJR II failed to respond or make any payment.

*Withdrawal Liability to the Pension Fund*

25. ERISA §§ 4201-4225, 29 U.S.C. §§ 1381-1461, establish withdrawal liability for multiemployer pension plans. ERISA § 4201, 29 U.S.C. § 1381, establishes that if an employer withdraws from a multiemployer pension plan then the employer is liable to the plan for the amount determined to be the withdrawal liability.

26. The Pension Fund determined that, on or about January 31, 2018, JJR II effected a "complete withdrawal" from the Pension Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

27. The Pension Fund also determined that, as a result of this complete withdrawal, JJR II incurred withdrawal liability to the Pension Fund in the amount of $325,490.00, as determined under ERISA § 4201(b), 29 U.S.C. § 1381(b).

6

28. On or about February 15, 2018, the Pension Fund sent JJR II a Notice and Demand for payment of the withdrawal liability with a payment schedule ("the Schedule") issued by the Pension Fund in accordance with ERISA §§ 4202(2) and 4219(b)(1), 29 U.S.C. §§ 1382(2) and 1399(b)(1).  The Pension Fund then sent another complete copy of the Notice and Demand to JJR II at an alternate address on April 6, 2018.

29. The Notice and Demand for payment informed JJR II that its withdrawal liability was assessed by the Pension Fund to be $325,490.00, payable according to the Schedule either in a single installment or in 33 quarterly installments of $12,388.33 and one final installment of $2,868.53, with the first installment due within 60 days of the date of the Notice and Demand. Thus, the first installment was due by April 15, 2018.

30. JJR II did not make the first required payment by April 15, 2018, and has not made any payment of withdrawal liability.

31. In a letter dated May 8, 2018, the Pension Fund sent JJR II a Notice of Default for its payment due April 15, 2018.  The letter notified JJR II that it was delinquent and that if payment was not received within 60 days, i.e. July 7, 2018, JJR II would be in default and its payment obligation would be accelerated such that the entire amount of withdrawal liability would become due and owing pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(1)(D).

32. JJR II has failed to make any payments of the withdrawal liability, and therefore, as of July 7, 2018, the entire amount of the withdrawal liability of $325,490.00 is due and owing, plus interest, liquidated damages at twenty (20) percent of the amount of the withdrawal liability, and the Pension Fund's reasonable attorneys' fees and costs in collecting this liability.

33. JJR II did not initiate arbitration pursuant to § 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), and the time for initiating arbitration has expired.

34. JJR II did not request plan sponsor review of the withdrawal liability assessment within the time periods specified in § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and the time for requesting plan sponsor review has expired.

35. Pursuant to § 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1), if no arbitration proceedings have been initiated in the time allotted by the statute then the amount demanded by the plan shall be due and owing and the plan sponsor may bring an action in a court of competent jurisdiction for collection.

### COUNT I: HEALTH FUND'S CLAIM FOR DELINQUENT CONTRIBUTIONS AGAINST DEFENDANT, JJR II, INC.

36. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

37. JJR II failed to contribute to the Health Fund the required amounts of contributions owed under the CBA for the period of January 2012 through December 2012 in the amount of $13,075.59 plus interest accrued thereon at the Health Fund's prescribed rate of 8%, which totals $ 1,113.55 as of October 5, 2018 and will continue to accrue until the date paid.

38. By the foregoing conduct, JJR II has violated Section 515 of ERISA, 29 U.S.C. § 1145.

39. Pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), JJR II is liable to the Health Fund for the delinquent contributions; interest on the delinquent contributions at the Health Fund's prescribed interest rate from the date due; the greater of interest at the above rate or liquidated damages of twenty percent (20%) of the unpaid contributions; and the Health Fund's reasonable attorneys' fees and costs incurred in this action.

### COUNT II: PENSION FUND'S CLAIM FOR DELINQUENT CONTRIBUTIONS AGAINST DEFENDANT, JJR II, INC.

40. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

41. JJR II failed to contribute to the Pension Fund: (a) the required amounts of contributions owed under the CBA for the period of January 2012 through December 2012 in the amount of $8,741.20 plus interest accrued thereon at the Pension Fund's prescribed rate of 8%, which totals $ $665.45 as of October 5, 2018 and will continue to accrue until the date paid; (b) the required amounts of contributions owed under the CBA for the period of January 2015 through December 2015 in the amount of $515.80 plus interest accrued thereon at the Fund's prescribed rate of 8% which totals $113.96 as of October 5, 2018; and (c) shortfall contributions due for the 2015 Plan Year due to JJR II's failure to increase total contributions in 2015 by at least 17.5% over the total contributions due for 2014, in the amount of $1,159.60, plus interest accruing thereon which totals $128.60 as of October 5, 2018 and will continue to accrue until the date paid.

42. By the foregoing conduct, JJR II has violated Section 515 of ERISA, 29 U.S.C. § 1145.

43. Pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), JJR II is liable to the Pension Fund for the delinquent contributions; interest on the delinquent contributions at the Fund's prescribed interest rate from the date due; the greater of interest at the above rate or liquidated damages of twenty percent (20%) of the unpaid contributions; and the Pension Fund's reasonable attorneys' fees and costs incurred in this action.

### COUNT III: PENSION FUND'S CLAIM FOR WITHDRAWAL LIABILITY AGAINST DEFENDANT, JJR II, INC.

44. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

45. JJR II has failed to make the required withdrawal liability payments due to the Pension Fund, despite its obligation to do so under its CBA with the Union, the Pension Fund's Trust Agreement and Section 515 of ERISA, 29 U.S.C. § 1145.

46. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

47. As of July 7, 2018, JJR II is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A) and 29 C.F.R. § 4219.33, and the full amount of the withdrawal liability is now due and owing.

48. Accordingly, JJR II has violated Section 515 of ERISA, 29 U.S.C. § 1145, and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for delinquent withdrawal liability in the amount of $325,490.00; interest on the first interim payment of $12,388.33 at the Pension Fund's interest rate of eight percent (8%) per annum from the due date of the first payment through the date the full amount of the withdrawal liability was accelerated; interest on the withdrawal liability of $325,490.00 at the Pension Fund's interest rate of eight percent (8%) per annum accruing from the date the full amount of the withdrawal liability was accelerated; an amount equal to the greater of the accrued interest on the full amount of the withdrawal liability or liquidated damages equal to twenty percent (20%) of that withdrawal liability; and the Plaintiffs' attorneys' fees and costs in collecting the delinquent amounts of withdrawal liability, including the attorneys' fees and costs of this action.

**Prayer for Relief**

**WHEREFORE,** Plaintiffs request the following relief:

A. A judgment in favor of the Health Fund against JJR II, Inc. for:

    1. Delinquent contributions in the amount of $13,075.59;

    2. Interest on that amount at the Fund's rate of 8% per annum from the date due until the date paid or the date of judgment in the minimum amount of $1,113.55;

  3. The greater of interest on the delinquent contributions or liquidated damages equal to twenty percent (20%) of the delinquent contributions in the minimum amount of $2,615.12; and

B. A judgment in favor of the Pension Fund against JJR II, Inc. for:

  1. Delinquent contributions in the amount of $10,416.60;

  2. Interest on that amount at the Fund's rate of 8% per annum from the date due until the date paid or the date of judgment in the minimum amount of $908.01;

  3. The greater of interest on the delinquent contributions or liquidated damages equal to twenty percent (20%) of the delinquent contributions in the minimum amount of $2,083.32; and

  4. $325,490.00 in withdrawal liability;

  5. Interest on the first withdrawal liability interim payment of $12,388.33 accruing at the Fund's rate of 8% per annum from the due date of April 15, 2018 through the date the full amount of the withdrawal liability was accelerated on July 7, 2018, in the amount of $225.37;

  6. Interest on the $325,490 in withdrawal liability accruing at the Pension Fund's interest rate of eight percent (8%) per annum accruing from the date the full amount of the withdrawal liability was accelerated until the later of the date paid or the date of judgment, in the minimum amount of $6,420.62;

  7. Liquidated damages in an amount equal to the greater of the interest on the accelerated delinquent withdrawal liability at the Fund's prescribed rate or twenty percent (20%) of the withdrawal liability in the minimum amount of $65,098;

C. Reasonable attorneys' fees and costs incurred by the Funds in recovering the delinquent contributions and withdrawal liability, including but not limited to such fees and costs incurred in this action, as required by ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2); and

D. Such other legal or equitable relief as this Court may deem proper and just.

/s/ *Alexander M. Gormley*
Alexander M. Gormley, Esq. (Bar No. 520612)
Slevin & Hart, P.C.
1625 Massachusetts Avenue, N.W., Ste. 450
Washington, D.C. 20036
Telephone: (202) 797-8700
Fax: (202) 234-8231
agormley@slevinhart.com

*Counsel for Plaintiff*

20654537v1